■ In the Matter of the Estate of Esther A. Sipmeier, Also Known as Esther Sipmeier, Deceased. Chester M. Pomar, Appellant; Marie Bernatz et al., Respondents.—In a proceeding to compel the executrix of an estate to convey certain real property owned by the deceased to petitioner upon his payment of a stated amount of money therefor, the petitioner appeals from an order of the Surrogate's Court, Putnam County, dated March 31, 1977, which granted respondents' motion for summary judgment, and denied his cross motion for summary judgment. Order modified, on the law, by deleting therefrom the provision granting respondents' motion for summary judgment and substituting therefor a provision that the said motion is denied. As so modified, order affirmed, with $50 costs and disbursements payable by respondent Duke to appellant, and proceeding remanded to the Surrogate's Court for further proceedings consistent herewith. The agreement granting the petitioner an option to purchase the leased premises, as subsequently amended by a lease, is not, on its face, invalid as an unreasonable restraint on alienation (see 33 NY Jur, Landlord and Tenant, § 196 *et seq.*). However, many questions of fact remain for resolution before it can be said that petitioner-appellant is entitled to enforce the provision. It is unclear whether a condition for the exercise of the option required the deaths of the owners in a common disaster or at about the same time. The question of who must actually exercise the option must also be resolved. Although the option is clearly for the benefit of petitioner, it is conditioned on the operation of a hardware business which has been operated in corporate form. These and other questions of fact must be determined by the Surrogate. Martuscello, J. P., Rabin, Cohalan and Hawkins, JJ., concur.

■ In the Matter of Pedro S. Yujuico, Respondent. Sty Builders Corp., Appellant.—In a proceeding to dissolve a corporation, the appeal is from an order of the Supreme Court, Suffolk County, entered May 23, 1977, which, *inter alia,* directed that the corporation be dissolved and appointed a receiver. Order affirmed, with $50 costs and disbursements (see *Matter of Garay v Langer,* 37 AD2d 545). Damiani, J. P., Suozzi, Gulotta and O'Connor, JJ., concur.

■ The People of the State of New York, Respondent, v Orlando Catapano, Appellant.—Judgment of the County Court, Nassau County, rendered July 14, 1977, affirmed, and case remitted to the County Court for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Martuscello, J. P., Rabin, Margett and O'Connor, JJ., concur.